No. 23-1034

# United States Court of Appeals
# for the Federal Circuit

APPLE INC.

*Appellant*

v.

OMNI MEDSCI, INC.,

*Appellee*

_____

Appeal from the Patent and Trademark Office, Patent Trial and Appeal Board in Case No. IPR2021-00453

_____

## APPELLEE'S CORRECTED COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC

THOMAS A. LEWRY
JOHN S. LEROY
CHRISTOPHER C. SMITH
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067
Tel: 248-358-4400

TIMOTHY P. MALONEY
DANIEL S. STRINGFIELD
NIXON PEABODY LLP
70 W. Madison Street, Suite 5200
Chicago, IL 60602-4378
Tel: 312-977-4400

*Counsel for Appellee Onmi MedSci, Inc.*

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 23-1034 |
| **Short Case Caption** | Apple Inc. v. Omni MedSci, Inc. |
| **Filing Party/Entity** | Omni MedSci, Inc. |

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Dated: August 6, 2024        Signature: /s/ Thomas A. Lewry

                             Name:      Thomas A. Lewry

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Omni MedSci, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

---

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable        ☐    Additional pages attached

| | | |
|---|---|---|
| John M. Halan | | |
| | | |
| | | |

---

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)    ☐   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

---

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable        ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

Certificate of Interest ................................................................ i

Table of Authorities.................................................................ii

Statement of Counsel Under Fed. Cir. R. 35(b)(2) ................................... 1

Argument for Panel Reconsideration and Rehearing En Banc.................2

I.      Introduction..................................................................2

      A.     Background .........................................................2

      B.     The Panel Decision Rested on *Axonics* ...................... 2

II.     The Panel Incorrectly Applied *Axonics* as Stripping the Board's Discretion to Refuse Untimely Evidence and Agument in This Case ...........5

III.    Extending *Axonics* to Stripe the Board's Discretion Creates a Conflict of Precedent that Should be Resolved................................9

IV.    The Board's Discretion to Reject Untimely Unpatentability Arguments is Rooted in the Petitioner's Particularity Obligation.................12

V.     The Panels' Incorrect Application of *Axonics* Improperly Incentivizes Petitioners to Abdicate their Statutory Obligation of Particularity .............................................................15

VI.    The Nonprecedential Designation of the Panel Decision Does Not Preclude En Banc Rehearing ........................................................18

# TABLE OF AUTHORITIES

## Cases

*Acceleration Bay, LLC v. Activision Blizzard Inc.*,
 908 F.3d 765 (Fed. Cir. 2018) ..........................................................33

*Apple Inc. v. Andrea Elecs. Corp.*,
 949 F.3d 697 (Fed. Cir. 2020) ..........................................................25

*Apple Inc. v. Wi-LAN Inc.*,
 25 F.4th 960 (Fed. Cir. 2022) ..........................................................26

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
 672 F.3d 1335(Fed. Cir. 2012) ..........................................................22

*Aventis Pharms. Inc. v. Amino Chems. Ltd.*,
 715 F.3d 1363 (Fed. Cir. 2013) ...................................... 16, 24, 25-26

*Baran v. Med. Device Techs., Inc.*,
 616 F.3d 1309 (Fed. Cir. 2010) ..........................................................23

*Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*,
 249 F.3d 1341 (Fed. Cir. 2001) ..........................................................31

*CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*,
 224 F.3d 1308 (Fed. Cir. 2000) ................................................ 16, 17

*Cat Tech LLC v. TubeMaster, Inc.*,
 528 F.3d 871 (Fed. Cir. 2008) ..........................................................23

*Cuozzo Speed Techs., LLC v. Lee*,
 579 U.S. 261 (2016)..........................................................29

*Ericsson Inc. v. Intell. Ventures I LLC*,
 901 F.3d 1374 (Fed. Cir. 2018) ................................................ 35-36

*In re Nuijten*,
 500 F.3d 1346 (Fed. Cir. 2007) ..........................................................30

*In re Sang Su Lee*,

277 F.3d 1338 (Fed. Cir. 2002) .......................................................31

*Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*,
   821 F. 3d 1359 (Fed. Cir. 2016) ................................................ 28, 29

*Intuitive Surgical, Inc. v. Ethicon LLC*,
   25 F.4th 1035 (Fed. Cir. 2022) ......................................... 16, 38, 39-40

*Microsoft Corp. v. Biscotti, Inc.*,
   878 F.3d 1052 (Fed. Cir. 2017) .......................................................42

*Microsoft Corp. v. IPA Techs. Inc.*,
   No. 2021-1412, WL 989403 (Fed. Cir. Apr. 1, 2022)............................ 17, 36-38

*Nature Simulation Sys. v. Autodesk, Inc.*,
   23 F.4th 1334 (Fed. Cir. 2022) .......................................................22

*Phil-Insul Corp. v. Airlite Plastics Co.*,
   854 F.3d 1344 (Fed. Cir. 2017) .......................................................24

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir.2005) (*en banc*) ...........................................25

*Phonometrics, Inc. v. Westin Hotel Co.*,
   319 F.3d 1328 (Fed. Cir. 2003) .......................................................20

*Rexnord Corp. v. Laitram Corp.*,
   274 F.3d 1336 (Fed. Cir. 2001) .................................................. 24-25

*South-Tek Sys., LLC v. Engin'd Corrosion Sols., LLC*,
   748 F. App'x 1003 (Fed. Cir. 2018) ............................................. 27-28

*Tehrani v. Hamilton Med., Inc.*,
   331 F.3d 1355 (Fed. Cir. 2003) .......................................................23

*Thorner v. Sony Computer Ent. Am. LLC*,
   669 F.3d 1362 (Fed. Cir. 2012) .......................................................26

*Toxgon Corp. v. BNFL, Inc.*,
   312 F.3d 1379 (Fed. Cir. 2002) .......................................................20

*Wasica Fin. GmbH v. Cont'l Auto. Sys., Inc.*,
  853 F.3d 1272 (Fed. Cir. 2017) ........................................................... 31, 38, 39

## Statutes and Regulations

35 U.S.C. § 312 ....................................................................................................30

37 C.F.R. § 42.104 ................................................................................ 16, 28-29, 36

**STATEMENT OF COUNSEL UNDER FED. CIR. RULE 35(b)(2)**

Based on my professional judgment, I believe this appeal requires an answer to one or more precedent-setting questions of exceptional importance:

- When the arguments made and evidence presented in an *Inter Partes Review* Petition rely on the plain and ordinary meaning of claim terms and fail to account for or address well-established presumptions, such as the presumption that different claim terms have different meanings, which establish the plain and ordinary meaning based on a foreseeable application of the presumptions, does *Axonics, Inc. v. Medtronic, Inc.*, 75 F.4th 1374 (Fed. Cir. 2023) strip the Patent Trial and Appeals Board of its discretion to reject as untimely Petitioner's new unpatentability arguments, which address the foreseeable claim construction for the first time in the Reply brief, <u>or</u> does that discretion, as recognized in, *inter alia*, *Microsoft Corp. v. IPA Techs. Inc.*, No. 2021-1412, 2022 WL 989403 (Fed. Cir. Apr. 1, 2022) and *Acceleration Bay, LLC v. Activision Blizzard Inc.*, 908 F.3d 765 (Fed. Cir. 2018) remain intact given the Petitioner's obligation to meet the statutory particularity requirement of 35 U.S.C. § 312(a)(3)?

*/s/ Thomas A. Lewry*
Thomas A. Lewry
*Attorney of Record for Appellee, Omni MedSci, Inc.*

1

# ARGUMENT FOR PANEL RECONSIDERATION AND REHEARING EN BANC

## I.    Introduction

This appeal was decided based on a precedential opinion, *Axonics, Inc. v. Medtronic, Inc*., 75 F.4th 1374 (Fed. Cir. 2023), that neither party had the opportunity to brief because the Federal Circuit issued the opinion after briefing in this appeal was completed. *See, e.g*., Slip Op. at 10.

### A.    Background

In its Petition, Apple Inc. ("Apple") challenged, *inter alia*, claims 3, 8, and 16 of Omni MedSci, Inc.'s ("Omni") U.S. Patent No. 10,517,484. For its argument on those claims, Apple relied entirely on its expert's analysis, repeating it almost verbatim in the Petition. *Compare* Appx275–276 *with* Appx1638–1639. Apple's expert noted that he was using the "plain and ordinary meaning" of all claim terms except "optical light" and a "light source" limitation not at issue here. Appx1563–1566.

Claims 3 and 8 use the phrase "configured to *identify* an object" while claim 16 uses the phrase "configured to *detect* an object." But, despite its reliance on the plain and ordinary meaning of "identify" and "detect," the Petition did not account for or address the meanings of the terms. *See* Appx275. In particular, the Petition did

not address the "[w]ell-settled claim construction principle[] [that] … '[d]ifferent claim terms are presumed to have different meanings.'" Slip Op. at 7.

In its Preliminary Response, Omni addressed the independent claims, not dependent claims 3 and 8, recognizing that *SAS* requires the Board to institute on all challenged dependent claims if it institutes on even one independent claim. *SAS, Inst. Inc. v. Iancu*, 138 S. Ct. 1348, 1353, 1356 (2018).

After the Board instituted the IPR, Omni addressed all challenged claims. For claims 3 and 8, Omni applied the well-established presumption that different claim terms have different meanings, used a dictionary definition to articulate the foreseeable plain and ordinary meanings of "detect" and "identify," Appx5242–5245, and explained why the Petition's unpatentability arguments were deficient under those plain meanings. Appx5267–5269.

In its Reply, Apple agreed "that the terms of the identifying and detecting limitations were commonly understood and needed no construction." Slip Op. at 5. Alternatively, Apple proposed a new construction for "identify" that was identical to the plain meaning of "detect" in claim 16. Slip Op. at 8.

Employing "the presumption that different claim terms have different meanings," the Board defined the plain and ordinary meaning of "to identify an object" and "to detect an object" using their dictionary definitions. Appx9-10. The

3

Board rejected on the merits Apple's Reply arguments for applying the dictionary meaning of "to detect" to both limitations. *Id.* Because Apple's Reply unpatentability arguments for claims 3 and 8 under the foreseeable meaning of "to identify" differed from those in its Petition the Board exercised its discretion to reject Apple's new arguments as untimely. Appx51-52.

### B.    The Panel Decision Rested on *Axonics*

The Panel reasoned that the rule in *Axonics* governs this case. Slip Op. at 10. In *Axonics*, like the other cases cited by the Panel, the Board was required to consider the petitioner's new reply arguments of unpatentability where the patent owner's response arguments and/or the Board's final written decision ("FWD") were based on a new claim construction, not merely a foreseeable application of well-settled presumptions applied to the petition's plain and ordinary meaning constructions.

But here, neither Omni nor the Board adopted a new construction. Instead, because Apple relied on the plain and ordinary meanings of "identify" and "detect," Omni and the Board merely verbalized those meanings using well-settled claim construction presumptions.

In its Petition, Apple declined to articulate or support any specific constructions of "identify" or "detect" despite the well-settled presumption that the terms have different meanings—a presumption that Apple unquestionably knew applies and should have addressed in its Petition. Later, in its Reply, Apple asserted

4

that its unpatentability position for claims 3 and 8 required that those terms have *identical* meaning, contrary to that presumption and the ordinary meanings of the words. Slip Op. at 5. Realizing its blunder, and tacitly acknowledging that its Petition's arguments fail under the well-settled law, Apple seized upon Omni's verbalization of the plain and ordinary meaning constructions to justify also presenting new Reply arguments and evidence, hoping to salvage unpatentability under the correct (and foreseeable) plain and ordinary meaning of "identify."

Consistent with the plain and ordinary meaning which Apple and its expert advanced in the Petition, Omni and the Board merely applied the well-established legal presumption that differently worded claims have different claim scope and based thereon, articulated the widely accepted (and different) dictionary meanings of "identify" and "detect." Those constructions were foreseeable by Apple and its expert, insofar as the constructions reflect the plain and ordinary meaning that Apple claimed to apply.

## II. The Panel Incorrectly Applied *Axonics* as Stripping the Board's Discretion to Refuse Untimely Evidence and Argument in This Case

*Axonics* defined the issue before it:

> The Board's rules do not address the specific question presented here: whether, where a patent owner offers a *new* claim construction for the first time in its response after the institution decision, a petitioner may introduce new arguments and evidence in reply under the newly proposed claim construction.

5

*Axonics*, 75 F.4th at 1380.[1] In each case relied on by *Axonics* to reach the rule it announced, the petitioner was entitled to offer a new reply argument because the claim construction in the patent owner's response and/or the FWD was new, and not merely a foreseeable application of well-settled presumptions applied to the petition's plain and ordinary meaning constructions:

- In *SAS*, the Board's FWD adopted a significantly different construction that neither party had addressed or could have anticipated. *SAS Inst., Inc. v. ComplementSoft, LLC*, 825 F.3d 1341, 1351 (Fed. Cir. 2016) ("It is difficult to image either party *anticipating* that already-interpreted terms were actually moving targets . . ."), *rev'd on other grounds sub nom.*

- In *Ericsson*, the parties used the "broadest reasonable interpretation" claim construction through institution. *Axonics*, 75 F.4th at 1381 (citing *Ericsson Inc. v. Intellectual Ventures I LLC,* 901 F.3d 1374, 1378-79 (Fed. Cir. 2018)). But after the patent expired, the patent owner applied the narrower *Phillips v. AWH* standard, yielding a construction different from the construction applied in the petition. *Id.* at 1382.

- In *Hamilton Beach*, "neither party had proposed an express construction of the relevant [nozzle] terms, and the Board instituted under the parties'

---

[1] All emphasis added unless otherwise noted.

implicit understanding of the terms." *Axonics*, 75 F.4th at 1382 (citing *Hamilton Beach Brands, Inc. v. f'real Foods LLC*, 908 F.3d 1328, 1335 (Fed. Cir. 2018)). But after institution, the patent owner response proposed a new and unforeseeable construction requiring a specific positioning of the nozzles that was inconsistent with the construction implicitly applied in the petition. *Hamilton Beach*, 908 F.3d at 1338-39.

- In *Qualcomm*, the parties had proceeded under a shared understanding of the relevant claim term through oral argument. *Axonics*, 75 F.4th at 1383 (citing *Qualcomm Inc. v. Intel Corp.*, 6 F.4th 1256, 1263 (Fed. Cir. 2021)). In its FWD, the Board adopted a new construction that "diverged from the agreed-upon construction of the parties" that was unforeseeable at the time of the petition. *Id.* (internal quotation marks omitted).

The outcome in *Axonics* follows from those cases. There, the Petition challenged patentability under on a "one-input" claim construction that permitted two "wherein" limitations to be satisfied by a single external power source input. 75 F.4th at 1378. The preliminary response challenged the theory of unpatentability under the same one-input construction, and the Board granted institution using that construction. *Id.* In its response, the patent owner changed course. It advanced a new construction requiring two inputs and argued patentability under the two-input construction. *Id.* at 1378-79. Because the two-input construction was new and not

7

merely a foreseeable application of well-settled presumptions, the petitioner was entitled to offer new arguments and evidence under the new construction. *Id*. at 1383.

By contrast, Apple's Petition proceeded on "plain and ordinary meaning," but it ignored a well-established presumption that governs the construction of different claim terms: "In the absence of any evidence to the contrary, we must presume that the use of these different terms in the claims connotes different meanings." *CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1317 (Fed. Cir. 2000). By not offering express constructions of the common terms "identify" (claims 3 and 8) and "detect" (claim 16) in its Petition, Apple's plain-meaning construction necessarily adopted this well-settled presumption.

Respectfully, the Panel's characterization that Omni "disputed" constructions of "identify" and "detect" for the first time in its Response goes too far. *See* Slip Op. at 4. Because the Petition did not articulate any particular constructions of those terms, Omni foreseeably applied a well-settled presumption and verbalized the terms' plain and ordinary meanings consistent with those presumption. Slip Op. at 4-5; *see also* Appx5242–5245. Thus, Omni did not raise a new claim construction issue—it merely built on the Petition's adoption of the plain and ordinary meaning to articulate what that plain and ordinary meaning is. Likewise, the Board's FWD did not adopt a new construction inconsistent with one recited in the Petition. The Petition, the

Response, and the FWD all employed the plain and ordinary meaning of the claim terms.

The Panel observed that patent owner in *Axonics* presented a construction with reference to the claims and specification like Omni did here. Slip Op. at 13. However, unlike *Axonics*, Omni did not present a construction that differed from what the parties and the Board had originally applied. Omni simply applied the well-settled presumption to the ordinary meaning construction Apple relied on. Omni discussed the claims and specification merely as confirmation that the dictionary definitions applied. Appx5243 ("The claims themselves confirm this ordinary meaning.").

Because Omni's and the Board's FWD construction of "identify" merely reflected the plain and ordinary meaning consistent with foreseeable application of well-settled claim construction presumptions, which Apple knew and should have either applied in its Petition or argued in its Petition why a construction at odds with those presumptions should apply, the Board's decision to reject as untimely Apple's new Reply arguments and evidence was within its discretion and did not run afoul of the rule in *Axonics*.

## III. Extending *Axonics* to Strip the Board's Discretion Creates a Conflict of Precedent that Should be Resolved

The Panel created a conflict of precedent when it extended *Axonics* to eliminate the Board's discretion to refuse new reply argument and evidence of

9

unpatentability when the petition adopts a plain and ordinary meaning construction and, after institution, the patent owner merely verbalizes that meaning applying well-settled claim construction presumptions.

The petition in *Acceleration Bay* proposed express constructions of certain claim terms while stating that the remaining terms (including "indication") have their plain and ordinary meaning. *See Activision Blizzard Inc. v. Acceleration Bay, LLC,* IPR2015-01996, Paper 101 at 8-9, 11 n.6, 2017 WL 1418533, at *4-6 (PTAB Mar. 29, 2017) ("*Final Written Decision*"). The patent owner did not dispute this or raise any additional claim construction issues in its preliminary response. *Activision*, IPR2015-01996, Paper 6 at 12, 2016 WL 695755 (PTAB Jan. 6, 2016) ("*Preliminary Response*"). In its Final Written Decision, the Board construed "indication" according to its ordinary meaning "as something that serves to indicate" based on a dictionary definition submitted in the patent owner's Response. *Final Written Decision*, IPR2015-01996, Paper 101 at 22-23, 2017 WL 1418533, at *9-10. The Board rejected the unpatentability ground under that construction. *Acceleration Bay, LLC v. Activision Blizzard Inc*., 908 F.3d 765, 774-75 (Fed. Cir. 2018).

The petitioner's reply asserted that a prior art reference it had cited in the petition for "*other* claim limitations" rendered a different claim limitation obvious. *Id*. at 775. To justify citing the reference for a new limitation with accompanying new expert declaration evidence, the petitioner made the same claim that Apple made here: It

"responds to [the patent owner's claim] construction." *Id*. The Board rejected that assertion, and this Court found no abuse of discretion, because the Reply made a "new obviousness argument for this limitation *that could have been made in the petition*." *Id.*

Like the petition in *Acceleration Bay*, Apple's Petition chose to rely on plain and ordinary meaning without stating its construction of "identify." As in *Acceleration Bay*, the Board applied the dictionary-based meaning offered by the patent owner and rejected Apple's arguments under that construction.

Just as the petitioner in *Acceleration Bay* should have foreseen the need to present unpatentability arguments in its petition under the plain meaning of "indication," Apple should have foreseen the need to include arguments in its Petition under the plain meaning of "identify," *especially* because Apple's unpatentability arguments in its petition required "identify" to mean the same as "detect," contrary to the well-established presumption that these words have different meanings.

The patentability issues flowing from legally presumed differences between the ordinary meanings of distinct claim terms are within the scope of what a petitioner, such as Apple, should reasonably expect to address in its petition. Apple's failure to do so parallels Microsoft's error in *Microsoft Corp. v. IPA Techs. Inc.*, No. 2021-1412, 2022 WL 989403, *7 (Fed. Cir. Apr. 1, 2022) (nonprecedential). Microsoft's petition ignored wording differences between claims 1 and 29. *Id.*, at *5. Like Omni's Response, the

11

patent owner's response noted Microsoft's error. *Id*. In its reply, Microsoft, like Apple here, argued "why the respective claim language [in claims 1 and 29] had the same meaning and how the alleged disclosure for claim 1 equally applied to claim 29." *Id*. The Board held "Microsoft had failed to meet its burden in the petition to show with particularity the evidence that supported the grounds for the challenge to claim 29" and "declined to consider Microsoft's arguments 'presented belatedly in the Petitioner Reply.'" *Id*., at *6. This Court affirmed, noting, "Microsoft effectively introduced a new issue when, on reply, it discussed claim differences for the first time." *Id*. Likewise, Apple effectively introduced a new issue when, on reply, it first discussed the wording differences between claims 3, 8, and 16, and then attempted to introduce new argument and evidence premised on those differences.

The Board did not abuse its discretion in *Acceleration Bay* or in *IPA Techs*., and it did not abuse its discretion here by excluding Apple's untimely obviousness arguments after Omni exposed Apple's failure to address reasonably foreseeable claim construction issues, such as well-established presumptions, in its Petition.

## IV.   The Board's Discretion to Reject Untimely Unpatentability Arguments is Rooted in the Petitioner's Particularity Obligation

*Acceleration Bay* recognized the Board's discretion to refuse a petitioner's new theories and evidence notwithstanding that the Board had verbalized the plain meaning of a common word ("indication") after neither the parties nor the Board had done so at the preliminary stage. 908 F.3d at 774-75. That decision appropriately

12

adheres to the particularity requirement of the petition and the limited scope of reply evidence reflected in the statute and regulations, and to precedent including *SAS* and *Illumina* emphasizing that a petitioner may not raise new theories and evidence that it had the opportunity to present in the petition. *Id.*

As the Court held in *Illumina*, "[i]t is of the utmost importance that petitioners in the IPR proceedings adhere to the requirement that *the initial petition* identify 'with particularity' the 'evidence that supports the grounds for the challenge to each claim.'" *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F. 3d 1359, 1369 (Fed. Cir. 2016) (quoting 35 U.S.C. § 312(a)(3)). This includes identifying how each challenged claim is to be construed and how the construed claim is unpatentable over the relevant evidence. 37 C.F.R. §§ 42.104(b)(3) and (4). *Axonics* emphasizes many of these same rules and principles. *Axonics*, 75 F.4th at 1380.

Requiring petitioners to meet these obligations does not conflict with other principles. Under the APA, the Board must inform the parties of the facts and law asserted, give both parties opportunity to submit facts and argument, and permit rebuttal evidence. *See Axonics*, 75F.4th at 1381 (citing 5 U.S.C. §§ 554(b)(3) and (c) and 556(d)). The Board must base its decision on arguments to which the opposing party was given a chance to respond. *Id.* (citing *Rovalma, S.A. v. Bohler-Edelstahl GmbH & Co. KG,* 856 F.3d 1019, 1027 (Fed. Cir. 2017)). As *SAS* clarified, these principles only limit the Board's authority to adopt a claim construction in its

13

final written decision that effectively "change[s] theories in midstream." *SAS Inst.*, 825 F.3d at 1351 (quoting *Belden, Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1080 (Fed. Cir. 2015)). *But when a petitioner asserts unpatentability relying on plain and ordinary meaning claim scope, and the patent owner or the Board thereafter applies well-established construction presumptions to discern that plain meaning, this directly responds to the theory of the Petition; it does not present a changed theory.*

Moreover, petitioners like Apple can respond to the patent owner's articulation of plain meaning by disputing the patent owner's construction and/or explaining how the arguments and evidence presented in the petition apply under that construction. The petitioner should not be permitted to rely on "plain and ordinary meaning" to put off stating a reasonably foreseeable claim construction in its petition, then make new reply arguments when the Board or patent owner articulate that foreseeable construction. The Board must have discretion to deny such untimely arguments when it concludes that the petitioner could have reasonably foreseen the issues and made the arguments in the petition.

If a petition need not address foreseeable claim construction issues, the petitioner's new reply arguments become a tool of ambush, resulting in undue prejudice to the patent owner. A patent owner sur-reply is an inadequate remedy; the rules regarding sur-replies are restrictive. *See* 37 C.F.R. § 42.23(b) ("A sur-reply ...

14

may not be accompanied by new evidence other than deposition transcripts of the cross-examination of any reply witnesses.").

This Court should clarify that the Board retains discretion to reject as untimely new unpatentability argument and evidence raised in the reply brief when the petition failed to account for or address well-established presumptions, such as the presumption that different claim terms have different meanings, which establish the plain and ordinary meaning based on a foreseeable application of the presumptions. This requirement follows from invoking a plain meaning claim construction and the fundamental obligation to demonstrate unpatentability at the petition stage with particularity. 35 U.S.C. § 312(a)(3). A petitioner should bear the consequence of its failure to address such foreseeable issues, not be rewarded with an opportunity to sandbag the patent owner with untimely new argument and evidence in its reply. The patent owner would otherwise be subject to prejudice whenever its response exposes a petition's failure to demonstrate unpatentability under the plain meaning of claim language.

If the Panel does not modify its decision consistent with these principles, the Court should take up the issue en banc.

## V. The Panel's Incorrect Application of *Axonics* Improperly Incentivizes Petitioners to Abdicate their Statutory Obligation of Particularity

*Axonics* expressed concern with incentivizing patent owners to withhold their strongest claim construction arguments until after institution to obtain a favorable

15

final IPR decision and an estoppel without the Board addressing the petitioner's unpatentability arguments under a newly adopted claim construction. *See* 75 F.4th at 1384. Nothing of the sort occurred here. *First*, it was *Apple* who chose to present unpatentability grounds based on the plain and ordinary meaning of "identify" and "detect," fully cognizant that those words have different common meanings and are presumed by law to have different meanings in the claims. Having done so, Apple was not "sandbagged" by Omni's Response argument applying that presumption and pointing out the Petition's failure to show prior art disclosure of the "to identify an object" limitation of claims 3 and 8 under the plain meaning of "identify."

*Second*, the "all or nothing" institution approach under *SAS* focuses the institution inquiry on the challenged *independent* claims. *See SAS, Inst. Inc.,* 138 S. Ct. at 1356 ("Rather than contemplate claim-by-claim institution, then, the language [of §314(a)] anticipates a regime where a reasonable prospect of success on a single claim justifies review of all."). Unlike *Axonics*, because the terms "identify" and "detect" appear only in *dependent* claims, the Board's institution decision would not have changed had Omni's Preliminary Response addressed construction of those terms.

By misapplying *Axonics* to the facts of this case, the Panel decision risks encouraging sandbagging by petitioners like Apple. As the master of its Petition, Apple chose to argue unpatentability based on the plain and ordinary meaning of

16

"identify" and "detect" without elucidating its understanding of those common terms. Apple's silence forced Omni to articulate the plain meaning of those terms in the first instance, which runs afoul of Apple's statutory particularity obligation under 35 U.S.C. § 312(a)(3), and which Apple seized upon as an opportunity to raise two new theories in its Reply:

*First*, Apple attempted to salvage the grounds presented in its Petition by articulating—for the first time—its new position that "identify" has the same meaning as "detect" such that the Petition's failure to account for the different wording of claims 3, 8 and 16 was not fatal. Appx5378-5379. The Board considered the merit of this new claim construction argument and rejected it. Appx8-10.

Second, the Reply sought to remedy the Petition by introducing new theories of unpatentability of claims 3 and 8 under the plain and ordinary meaning of "identify," which is different from the plain and ordinary meaning of "detect." Appx5382-15833. By withholding these new arguments—despite the foreseeable claim scope resulting from the plain and ordinary meaning, and the application of the overarching presumption that these words have different meanings—Apple sought a tactical advantage that would have unfairly prejudiced Omni. The Board rightfully exercised its discretion to reject Apple's untimely arguments and evidence. The Panel incorrectly faulted Omni for exposing, and prevailing over, Apple's flawed arguments and tactics.

17

## VI.  The Nonprecedential Designation of the Panel Decision Does Not Preclude En Banc Rehearing

The panel decision was designated as nonprecedential, but that does not preclude en banc review. *See Lighting Ballast Control LLC, v. Philips Elecs. North Am. Corp.*, 744 F.3d 1272 (Fed. Cir. 2014) (en banc rehearing of 498 Fed. Appx. 986 (Fed. Cir. 2013)).

This case presents an important issue relating to the proper administration of IPR proceedings at the expedited pace that Congress intended with each party having a fair opportunity to be heard.

For these reasons, and in view of the inherent conflict between the panel decision and this Court's precedent and the misapprehensions of fact exhibited by the panel decision, the Court should grant panel rehearing or rehearing en banc.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

*/s/ Thomas A. Lewry*
Thomas A. Lewry
John S. LeRoy
Christopher C. Smith
150 W. Second St., Suite 400N
Royal Oak, MI 48067
Tel.: (248) 358-4400
Fax: (248) 358-3351

Timothy P. Maloney
Daniel S. Stringfield
NIXON PEABODY LLP

18

70 West Madison Street
Suite 5200
Chicago, IL 60602-4378
Tel: (312) 977-4400
Fax: (312) 977-4405

*Counsel for Appellee*

Date: August 6, 2024

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of foregoing **APELLEE'S CORRECTED COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC** via the Court's CM/ECF system per Fed. R. App. P. 25(a)(2)(B) and 25(c) and Federal Circuit Rule 25(a) and 25(e) on August 6, 2024.

Date:  August 6, 2024

*/s/ Thomas A. Lewry*

Thomas A. Lewry
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067
Telephone: (248) 358-4400
Facsimile: (248) 358-3351

*Counsel for Appellee*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Federal Circuit Rule 32(b)(3), I certify that this filing has a proportionally spaced 14-point font typeface and contains 3,773 words based on the "Word Count" feature of Microsoft Word, excluding the cover page, Certificate of Interest, Tables of Contents and Authorities, signature block, Statement of Counsel Under Fed. Cir. R. 35(b)(2), Addendum, Certificate of Compliance, and Certificate of Service.

Date:  August 6, 2024

/s/ Thomas A. Lewry
Thomas A. Lewry
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067
Telephone: (248) 358-4400
Facsimile: (248) 358-3351

*Counsel for Appellee*

# ADDENDUM TABLE OF CONTENTS

| Date | Document |
|------|----------|
| 2024-06-21 | Dkt [044] OPINION filed for the court by Reyna, Circuit Judge; Cunningham, Circuit Judge and Albright, Judge. Nonprecedential Opinion. Service as of this date by the Clerk of Court |

# ADDENDUM

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**APPLE INC.,**
*Appellant*

v.

**OMNI MEDSCI, INC.,**
*Appellee*

———————————

2023-1034

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00453.

———————————

Decided:  June 21, 2024

———————————

JEFFREY PAUL KUSHAN, Sidley Austin LLP, Washington, DC, argued for appellant.  Also represented by THOMAS ANTHONY BROUGHAN, III, JOSHUA JOHN FOUGERE; MICHAEL ROBERTS, Dallas, TX.

THOMAS A. LEWRY, Brooks Kushman PC, Royal Oak, MI, argued for appellee.  Also represented by JOHN S. LEROY, CHRISTOPHER C. SMITH.

———————————

Before REYNA and CUNNINGHAM, *Circuit Judges*, and
ALBRIGHT, *District Judge*[1].

ALBRIGHT, *District Judge*.

Appellant Apple Inc. appeals from a Final Written Decision of the Patent Trial and Appeal Board finding Apple failed to show that claims 3–6 and 8–14 of U.S. Patent No. 10,517,484 were unpatentable.[2]  Those claims were upheld because the Board found prior art did not disclose the claim limitation "configured to identify an object" (the "identifying limitation").  In contrast, the Board found claim 16 unpatentable, which is like upheld claims 3 and 8 except for the claim limitation "configured to detect an object" (the "detecting limitation").

Apple appeals on two grounds, one substantive and one procedural.  First, Apple claims that the Board incorrectly construed the identifying limitation.  Second, Apple argued below that U.S. Patent No. 9,241,676 ("Lisogurski") and U.S. Patent No. 8,108,036 ("Tran") disclose the identifying limitation even under appellee Omni MedSci, Inc.'s proposed construction (the "alternative argument").  Apple faults the Board for considering this an improper new reply argument.  Because the Board erred only in disregarding the alternative argument, we *affirm-in-part*, *vacate-in-part*, and *remand* to the Board for further consideration.

---

[1]    Honorable Alan D Albright, District Judge, United States District Court for the Western District of Texas, sitting by designation.

[2]    The Board found unpatentable several other claims of the '484 patent.  However, appellee Omni MedSci, Inc. does not appeal any aspect of the Final Written Decision, including the Board's unpatentability finding on claim 16 or its claim constructions.

BACKGROUND

I

Omni MedSci, Inc. is the assignee of U.S. Patent No. 10,517,484, entitled "Semiconductor Diodes-based Physiological Measurement Device with Improved Signal-to-Noise Ratio." The patent is generally directed to a "wearable device includ[ing] a measurement device to measure a physiological parameter adapted to be placed on a wrist or an ear of a user." '484 patent, at [57]. The wearable device measures the physiological parameter by emitting light and analyzing the light that is reflected back. *See id.* The specification has sections corresponding to various blood constituents of potential interest, such as glucose, ketones, and hemoglobin A1c. *Id.* at 11:20; 13:1; 14:23.

Claims 3, 8, and 16 are relevant to the arguments presented in this appeal. Although each depends on a different independent claim, none of the limitations of any independent claim—or any claim upon which claims 3, 8, or 16 depend—are at issue. The three claims state:

3. The system of claim 2, wherein the wearable device is at least in part ***configured to identify an object***, and to compare a property of at least some of the output signal to a threshold.

8. The system of claim 7, wherein the wearable device is at least in part configured to ***identify*** an object, and a property of at least some of the output signal is compared by at least one of the wearable device, the smart phone or tablet to a threshold.

16. The system of claim 15, wherein the wearable device is at least in part configured to ***detect*** an object, and a property of at least some of the output signal is compared to a threshold.

'484 patent, 37:43–46; 38:63–67; 40:33–36 (emphases added).

## II

## A

Apple petitioned to institute an *inter partes* review of claims 1–23 of the '484 patent. J.A. 203, 220. One ground is relevant to this appeal. Apple argued that the combination of prior art references Lisogurski, Tran, and U.S. Patent Application Publication No. 2005/00494468 ("Carlson") rendered claims 3, 8, and 16 (among others) obvious. J.A. 220. For the identifying and detecting limitations, Apple argued that Lisogurski discloses sending an error signal when its sensor has fallen off the subject— which requires identifying and detecting when an object, such as a wrist or an ear, is in range of the sensor. J.A. 275. For the limitation "configured . . . to compare a property of at least some of the output signal to a threshold," the petition claimed that Lisogurski discloses comparing detected signals, such as blood oxygen saturation, to thresholds or target values. J.A. 276. Similarly, the petition argued that Tran discloses monitoring health information, such as pulse oximetry measurements, and comparing it to user-provided parameters for generating health alerts. J.A. 271, 276. Neither the petition nor the patent owner's preliminary response discussed the identifying or detecting limitations in their claim construction sections. J.A. 232–34; 4761–62.

The Board instituted the IPR. J.A. 5162. The institution decision did not construe the identifying and detecting limitations. *See* J.A. 5169–70.

Omni's patent owner response disputed, for the first time, the construction of the "identify an object" limitation in Claims 3 and 8 and the "detect an object" limitation in Claim 16. J.A. 5242–45. For the "identify an object" limitation, Omni proposed the construction "to recognize or establish an object as being a particular thing." J.A. 5244. For the "detect an object" limitation, Omni proposed the construction "to discover or notice the existence or presence

of something." J.A. 5245. The proposed constructions were based off the Random House Kernerman Webster's College Dictionary (2010). J.A. 5242; 5244. In both cases, Omni argued that the '484 patent claims and specification confirmed the dictionary-based plain meaning. J.A. 5242–45.

In its reply brief, Apple argued that the terms of the identifying and detecting limitations were commonly understood and needed no construction. J.A. 5378. To the extent construction was necessary, Apple proposed the same construction for both limitations: "to discover or determine the existence, presence, or fact of an object." J.A. 5378–79. For the "identify an object" limitation, Apple argued that its construction aligned with the claims and specification, which use the term "identify" to confirm that an object is present or not, rather than to take action dependent on what the object is. J.A. 5379. Apple argued that Lisogurski discloses both the identifying and detecting an object limitations based on Apple's proposed construction. J.A. 5381–82.

Apple also argued in its reply brief that Lisogurski and Tran disclose the identifying limitation even under Omni's proposed construction. J.A. 5383. Apple pointed to Lisogurski and Tran's techniques for measuring blood oxygen saturation and other blood constituents, *id.*, which Apple relied on in the petition to show "compar[ing] a property of at least some of the output signal to a threshold." J.A. 275–76. Apple argued that measuring blood constituents requires identifying and quantifying them, which Lisogurski and Tran perform using the same reflected light measuring technique disclosed in the '484 patent. J.A. 5383.

## B

The Board issued a Final Written Decision finding claim 16 unpatentable but refusing to find claims 3–6 and 8–14 unpatentable. J.A. 61. Starting with claim construction, the Board construed "to identify an object" as "to recognize or establish an object as being a particular thing"

and "to detect an object" as "to discover or notice the existence or presence of something." J.A. 10. The Board rested its analysis on the presumption that different claim terms are presumed to have different meanings. J.A. 9; *see SimpleAir, Inc. v. Sony Ericsson Mobile Commc'ns AB*, 820 F.3d 419, 431 (Fed. Cir. 2016). The Board rejected Apple's arguments for applying the same meaning—the dictionary-based meaning of "detect"—to both limitations. *Id.* The Board noted the different dictionary definitions for "identify" and "detect" and issued the constructions above, which are "consistent with the dictionary definitions." J.A. 9–10.

Turning to the petition's grounds, the Board held that the combination of Lisogurski, Carlson, and Tran rendered claim 16 obvious. J.A. 54. Applying its construction of claim 16's detecting limitation, the Board agreed with Apple that Lisogurski discloses the detecting limitation by recognizing when its sensor has fallen off the subject, which implies the ability to recognize the subject's presence. J.A. 50–51.

In contrast, the Board held that the combination of Lisogurski, Carlson, and Tran did not render claims 3 or 8 obvious. J.A. 54. The Board recited Apple's argument in its reply brief that Lisogurski discloses the identifying limitation because "Lisogurski and Tran each teach techniques for measuring blood oxygen saturation and other blood constituents." J.A. 51. The Board further recited Omni's sur-reply counterarguments that "measuring" is not "identifying," and that Apple's reply argument was procedurally improper. *Id.* The Board ultimately sided with Omni's position "that the Petition does not sufficiently articulate support for Petitioner's assertions." *Id.* The Board cited the discrepancy between Apple's petition arguments, which focused on comparing signals to thresholds, and the identifying limitation as construed, which focused on recognizing or establishing objects to be particular things. J.A. 51–52.

Apple timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

STANDARD OF REVIEW

We review the Board's ultimate claim construction de novo. *Google LLC v. EcoFactor, Inc.*, 92 F.4th 1049, 1054 (Fed. Cir. 2024). We review any underlying fact findings for substantial evidence. *Id.* We review for abuse of discretion the Board's decision to disregard a reply argument as exceeding the proper scope. *Axonics, Inc. v. Medtronic, Inc.*, 75 F.4th 1374, 1380 (Fed. Cir. 2023).

DISCUSSION

I

We begin with claim construction. While the Board could have done more to justify its reasoning, we nevertheless uphold its construction on appeal. "We review the Board's claim construction based on intrinsic evidence de novo . . . ." *Dionex Softron GmbH v. Agilent Techs., Inc.*, 56 F.4th 1353, 1358 (Fed. Cir. 2023). Under this standard, and based on the intrinsic evidence before us, we affirm the Board's construction of the claim limitation "identify an object" as "to recognize or establish an object as being a particular thing."

Well-settled claim construction principles govern this dispute. "Different claim terms are presumed to have different meanings." *Bd. of Regents of the Univ. of Tex. Sys. v. BENQ Am. Corp.*, 533 F.3d 1362, 1371 (Fed. Cir. 2008). A party, however, can rebut that presumption in the context of a particular patent. *See, e.g.*, *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1231–32 (Fed. Cir. 2011). For example, in the past we have found that different terms in the same patent have the same meaning because they have been used interchangeably. *See, e.g.*, *Baran v. Med. Device Techs., Inc.*, 616 F.3d 1309, 1316 (Fed. Cir. 2010); *Tehrani v. Hamilton Med., Inc.*, 331 F.3d 1355, 1361 (Fed. Cir. 2003).

Here, Apple argues that the Board erred in construing the limitation "identify an object" in claims 3 and 8 as "to recognize or establish an object as being a particular thing." Appellant Br. 30. According to Apple, this claim limitation should have the same meaning as claim 16's "detect an object" limitation, which is "to discover or determine the existence, presence, or fact of an object." Appellant Br. 26. According to Apple, the patent uses the terms "identify" and "detect" interchangeably, and thus this evidence rebuts the presumption that different claim terms have different meaning. Apple's attempts to rebut this presumption, as discussed below, fail.

First, Apple argues that because claims 3 and 8 parallel claim 16 except for using "identify" versus "detect," these terms are interchangeable. But that turns the presumption of different meanings on its head. It was within the patentee's power to draft claims 3, 8, and 16 to all claim "detecting an object." *Cf. Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1349 (Fed. Cir. 2012) ("The fact that the two adjacent claims use different terms in parallel settings supports the district court's conclusion that the two terms were not meant to have the same meaning . . . ."). They did not do so. Thus, we reject Apple's argument.

Second, Apple argues that claims 3 and 8, like claim 16, only require the claimed wearable device to discover or determine the existence, presence, or fact of an object—*i.e.*, detecting said object. Appellant Br. 33. According to Apple, nothing in claims 3 and 8 requires the claimed wearable device to act based on the determined identity of an object. *Id.* But "identify" must be given the full scope of its plain and ordinary meaning absent lexicography or disclaimer, neither of which Apple alleges. *See Thorner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). Accordingly, when claims 3 and 8 require the claimed device to "identify an object," the claims require a determination of the identity of an object, even if the claims

never do anything with that identity.  For these reasons, claims 3 and 8's limitation "identify an object" is not interchangeable with the "detect an object" limitation in claim 16, no matter what the other limitations of claims 3 and 8 do.

Apple next argues that the specification uses the terms "identify" and "detect" interchangeably.  Appellant Br. 33. We reject Apple's position.  Apple refers to the various blood constituents discussed in the specification as the claimed "objects" that claims 3 and 8 "identify" and that claim 16 "detects."[3]  Apple notes that these constituents are "identif[ied]" in some sections and "detect[ed]" in others through the same technique: measuring reflected light and comparing the results against known spectra.  Apple emphasizes a paragraph on cholesterol that discusses "detect[ing]" it in the first sentence and "identify[ing]" its concentration in the last sentence.  '484 patent, 15:31−48. The problem with Apple's argument is that it is a cobbled together generalization of various sections of the specification, and one that often ignores distinctions in language at that.  For example, the discussion of "detect[ing]" glucose that Apple highlights is actually about detecting glucose *lines* in a spectrum.  *Id.* at 18:46–52.  Overall, we reject Apple's argument that the specification *consistently* and interchangeably refers to "identify" and "detect" in a manner sufficient to overcome the usual presumption that those different terms have different meanings.

---

    [3]    Omni challenges Apple's specification citations as improper new evidence on appeal.  Appellee Br. 19–20.  We reject this challenge, for "[t]he doctrine of waiver does not preclude a party from supporting its original claim construction with new citations to intrinsic evidence of record." *Seabed Geosolutions (US) Inc. v. Magseis FF LLC*, 8 F.4th 1285, 1289 (Fed. Cir. 2021).

Finally, Apple separately argues that the Board's claim construction is erroneous because it does not track the law. According to Apple, the Board improperly relied on extrinsic dictionary definitions rather than intrinsic evidence when construing the "identify an object" limitation. Appellant Br. 34. Apple cites the well-known principle that extrinsic evidence, such as dictionary definitions, is less significant than and cannot be used to contradict intrinsic evidence. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317, 1322–23 (Fed. Cir. 2005) (en banc). While that is a correct recitation of the law, it is beside the point. As previously noted, we determine that the Board's construction of the "identify an object" limitation is correct based on the intrinsic evidence.

In conclusion, we affirm the Board's construction that "identify an object" in claims 3 and 8 means "to recognize or establish an object as being a particular thing." Apple has not rebutted the presumption that "identifying an object" and "detecting an object" have different meanings. Because that is Apple's only claim construction challenge, we affirm the Board's construction.

## II

We turn next to Apple's procedural argument. Apple argues that the Board abused its discretion when it refused to consider Apple's arguments in its reply brief. Appellant Br. 38. Specifically, Apple's arguments in its reply brief concerning the Lisogurski, Carlson, and Tran references were made in response to Omni's newly raised claim construction of "identify an object" in its patent owner response. Appellant Br. 38–40. We agree with Apple.

After briefing in this appeal was completed, we decided *Axonics, Inc. v. Medtronic, Inc.*, 75 F.4th 1374 (Fed. Cir. 2023). That opinion crystallized and distilled principles already inherent in our past decisions. The rule the *Axonics* court stated squarely governs. Accordingly, we find the

Board abused its discretion in refusing to consider Apple's alternative argument.

In *Axonics*, this Court held that "where a patent owner in an IPR first proposes a claim construction in a patent owner response, a petitioner must be given the opportunity in its reply to argue and present evidence of anticipation or obviousness under the new construction, at least where it relies on the same embodiments for each invalidity ground as were relied on in the petition." 75 F.4th at 1384. The *Axonics* Court derived support for this rule from a discussion of past Federal Circuit precedent. *See id.* at 1381–83. Two cases are of particular importance here. First, *SAS Institute, Inc. v. ComplementSoft, LLC*, 825 F.3d 1341, 1351 (Fed. Cir. 2016), *rev'd on other grounds sub nom. SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348 (2018), held that the PTAB may not change a claim construction between institution and Final Written Decision without giving the parties reasonable notice and an opportunity to argue under the new construction. Second, *Hamilton Beach Brands, Inc. v. f'real Foods LLC*, 908 F.3d 1328, 1338–39 (Fed. Cir. 2018), rejected a challenge to a Final Written Decision's adoption of constructions first proposed in a patent owner response because the petitioner had an opportunity to respond. *See Axonics*, 75 F.4th at 1382 ("[W]e reiterated the rule that, under the APA, the Board cannot adopt a new claim construction without giving the petitioner an opportunity to respond. But we held that those requirements had been met because the petitioner was able to respond in its reply . . . ."). In light of these and other cases, the *Axonics* Court held that the PTAB was required to consider the petitioner's new argument and evidence on anticipation and obviousness raised in the reply, since the patent owner had advanced a new claim construction position in its patent owner response and the new patentability argument was responsive to the construction. *See id.* at 1378–79, 1383–84.

Under both *Axonics* and earlier precedents, the Board abused its discretion here in refusing to consider Apple's reply argument. Omni's patent owner response offered specific proposed constructions for the identifying and detecting limitations for the first time. *Compare* J.A. 5242–45, *with* J.A. 4761–62. Apple responded to this argument by citing embodiments relied on by the Lisogurski/Carlson/Tran ground in the petition. *See* J.A. 5383; 276. And the Board, after having said nothing about the identifying limitation's construction in the institution decision, adopted Omni's proposed construction. *See* J.A. 10, 5169–70. As in *Axonics*, the patent owner here proposed a new construction for the first time in the patent owner response. *See* 75 F.4th at 1378, 1384. As in *Hamilton Beach*, the parties and the Board did not discuss the construction of the relevant limitation during the institution phase. *See* 908 F.3d at 1335. And as in *SAS*, the Board adopted a different claim construction in its Final Written Decision without giving the petitioner an opportunity to present argument under that construction. *See* 825 F.3d at 1351. The Board therefore disregarded our consistent caselaw when disposing of the alternative argument.

Omni's attempts to defend the Board's decision are unpersuasive. In the briefs, Omni relied on two main precedential cases: *Acceleration Bay, LLC v. Activision Blizzard Inc.*, 908 F.3d 765 (Fed. Cir. 2018), and *Wasica Finance GmbH v. Continental Automotive Systems, Inc.*, 853 F.3d 1272 (Fed. Cir. 2017). Both cases are distinguishable. While the petitioner in *Acceleration Bay* raised new evidence of obviousness in response to patent owner's construction of a term, there were no indicators that said construction was proposed for the first time in a patent owner response. *See* 908 F.3d at 775. *Wasica* involved a reply that "effectively abandoned its petition in favor of a new [obviousness] argument." 853 F.3d at 1286–87. Apple has done nothing so dramatic here. *Compare* J.A. 275–276, *with* J.A. 5383.

At oral argument, Omni claimed it has always maintained that "identifying" should have its plain and ordinary meaning: the dictionary-based definition in the patent owner's response. But the patent owner in *Axonics* also argued that its two-input construction was the plain and ordinary meaning of the relevant limitations. Patent Owner's Response at 2, *Axonics Modulation Techs., Inc. v. Medtronic, Inc.*, No. IPR2020-00680 (P.T.A.B. Dec. 22, 2020) ("[T]he language of the claims and the teaching of the '758 patent specification . . . compel the plain meaning of these claims as requiring two separate inputs . . . ."). And it did so after failing to discuss the construction of those limitations in the patent owner's preliminary response, just like Omni. *See Axonics*, 75 F.4th at 1378. Omni also lays blame at Apple's feet, claiming that Apple's reply sought to fix an error in the petition's treatment of claim 16 and thereby started this dispute. But Omni's focus on Apple's actions is misplaced. *Axonics* instead puts the focus on what patent owners have done. *See id.* at 1384. At the preliminary response stage, Omni did not propose a construction for "identify an object." Post-institution, Omni proposed that "identify an object" should mean "to recognize or establish an object as being a particular thing." That constituted a claim construction first proposed in the response, so Apple was entitled to respond to it. Finally, Omni warns of petitioners sandbagging patent owners with new claim constructions. This is ironic, given that *Axonics* was decided based on concerns of patent owners sandbagging petitioners. *Id.* Omni's fears are unfounded. Petitioners who hold their best claim construction arguments back for reply don't just need to worry about the Board disregarding them as procedurally improper—they also worry about the Board refusing to institute the petition. We therefore reject Omni's arguments.

We conclude that the Board abused its discretion in not considering Apple's argument properly raised in reply in response to Omni's construction for the identifying

limitation. We do not address the merit of this argument on this record. We leave such issues for the Board to consider on remand.

## III

Apple also appeals the Board's finding that Apple failed to show that claims 4–6 and 9–14 were unpatentable. The sole reason for this holding was that Apple had not shown the unpatentability of claims 3 and 8, on which claims 4–6 and 9–14 depend.[4] *See* J.A. 49, 52, 55, 59. Because we find the Board abused its discretion in its analysis of claims 3 and 8, we also find the Board's analysis of claims 4–6 and 9–14 to contain the same error.

## Conclusion

We have considered the parties' remaining arguments and find them unpersuasive. While we affirm the Board's construction of the limitation "identify an object" in claims 3 and 8, we vacate the Board's Final Written Decision regarding claims 3–6 and 8–14 of the '484 patent, and remand for further proceedings consistent with this opinion.

## AFFIRMED-IN-PART, VACATED-IN-PART AND REMANDED

### Costs

No costs.

---

[4]    Some of these claims were subject to different grounds with additional prior art. *See* J.A. 220. However, because Apple had not alleged that the additional prior art disclosed the identifying limitation, the Board nevertheless hinged its holding on Apple's failure to show the unpatentability of claims 3 and 8. *See* J.A. 55, 59.